UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irvin Jefferson Wilson, #0811, ) C/A No. 4:15-4276-MGL-TER | |
| a/k/a Irvin Jefferson Wilson, #158202 ) | |
| ) | |
| Plaintiff, ) REPORT AND RECOMMENDATION | |
| ) | |
| vs. ) | |
| ) | |
| Sergeant Smith, Jailer, Greenville County Law ) | |
| Enforcement, and ) | |
| Sergeant McCartley, Jailer, Greenville County Law ) | |
| Enforcement, State of South Carolina, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action while incarcerated at the Greenville County Detention Center and alleges constitutional violations under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that in September of 2015 he began preparing pleadings to file a Section 1983 lawsuit against some twenty-five defendants, and that he needed 46 copies per defendant made by officers at the Greenville County Detention Center. Complaint at 3. However, Plaintiff suggests that before the floor officers would make his requested copies, they had to have the approval of the shift sergeant. Id. Plaintiff indicates that as of October 1, 2015, he needed copies for six more defendants before he could file his Complaint. Id. Plaintiff alleges that Defendants McCarthy and

1

Smith, both apparently shift sergeants, would not give approval for the additional copies to be made. Id. at 3-4.  Plaintiff seeks monetary damages from both defendants.  Id. at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

  B.  Analysis

  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Plaintiff essentially alleges that the Defendants' actions have denied him access to the courts.[1] To state a claim for denial of court access, a plaintiff must allege that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Also, in order to make out a prima facie case of denial of access to the courts, a plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir.1989). Additionally, he must demonstrate that the defendants caused the alleged actual injury. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id*. at 353–55. In this case, Plaintiff simply alleges that Defendants would not make or approve six

---

[1] The Court notes that "[a] denial of free photocopying does not amount to a denial of access to the courts." *See Ferola v. Dir., S. Carolina Dep't of Corr.*, 2006 WL 2475396, at *2 (D.S.C. Aug. 24, 2006) aff'd, 213 F. App'x 224 (4th Cir. 2007)(citing *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991).

3

additional copies of a forty-six page pleading, but apparently did make the other nineteen sets of copies that he requested. The Court notes that a Plaintiff only needs one copy of his or her Complaint to have a case opened in federal court. Furthermore, if a Plaintiff is granted *in forma pauperis* status,[2] and the Court determines that the case should be served, the court will arrange for the United States Marshals Service to effect service, and the clerk's office makes any duplicate copies needed for service by the Marshals as to all listed defendants. *See generally, Weber v. Jones*, 2013 WL 315243, at *2 (D.S.C. Jan. 3, 2013) report and recommendation adopted, 2013 WL 315431 (D.S.C. Jan. 28, 2013). Additionally, Plaintiff fails to allege any specific facts demonstrating how he has been prejudiced in pursuing non-frivolous litigation or any actual injury. The Court takes judicial notice that the case Plaintiff indicates he was hindered in filing has been filed with this Court and is pending initial review. See Civil Action No. 6:15-cv-04835; and compare with Attachment 1-1. Therefore, Plaintiff has failed to state a cognizable claim.

III.    Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process based upon Plaintiff's failure to state a federal question claim on which relief may be granted.

IT IS SO RECOMMENDED.

> s/Thomas E. Rogers, III
> Thomas E. Rogers, III
> United States Magistrate Judge

February 19, 2016
Florence, South Carolina

The plaintiff's attention is directed to the Notice on the next page.

---

[2] The Court notes that Plaintiff has been granted *in forma pauperis* status in the instant case, and has filed a motion to proceed *in forma pauperis* in Civil Action No. 6:15-cv-04835.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).